appeal from the September 7, 1990 Judgment, or in a Rule 29.15 motion filed within thirty days of the filing of a transcript for the direct appeal.[8]

## Conclusion

 Because Brown fails to claim error on appeal relating to the independent basis for the motion court's Judgment granting the State's motion to dismiss, the Judgment must be affirmed.[9],[10]

All concur.

Marvin D. LOVE, Appellant

v.

STATE of Missouri, Respondent.

No. WD 75511.

Missouri Court of Appeals,
Western District.

July 23, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 27, 2013.

Rosalynn Koch, Columbia, MO, for Appellant.

Mary Moore, Jefferson City, MO, for Respondent.

8. Arguably, Brown's claim of trial court error would not have been cognizable in a Rule 29.15 motion because it is the type of claim that must be raised on direct appeal. *State v. Carter,* 955 S.W.2d 548, 555 (Mo. banc 1997) (holding that trial court error "[i]s outside the scope of a Rule 29.15 motion"). However, we need not resolve that issue here, as the claim of trial court error was not raised in either Brown's direct appeal or in a timely filed Rule 29.15 motion. Moreover, the version of Rule 29.15 in effect at the time of Brown's direct appeal afforded a defendant a concurrent appeal from his conviction and from denial of Rule 29.15 relief, blurring the focus on whether a claim should have been brought in a direct appeal or in a Rule 29.15 motion. See *McIntyre v. State,* 784 S.W.2d 318, 319 (Mo.App. E.D.1990).

9. In his Reply Brief, Brown argues that he "is challenging subject matter jurisdiction of the trial court to enter judgment and sentence against him because the court did not comply with section 545.300." [Reply Brief, p. 5]. We will not entertain points and arguments first raised on appeal in a reply brief. *Coyne v. Coyne,* 17 S.W.3d 904, 906 (Mo.App. E.D. 2000). In any event, though Brown's Reply Brief repeats the assertion from his motions that the trial court lacked subject matter juris-

diction to enter the September 7, 1990 Judgment, Brown still fails to address the motion court's grant of the State's motion to dismiss his motions.

10. During oral argument, Brown urged this court to treat his motion as a request for habeas relief under Rule 91. Brown offers no authority compelling consideration of his delinquent request. We have already held that Brown's claim of error should have been raised on direct appeal or in a timely Rule 29.15 motion. "Habeas corpus is not a substitute for appeal or post-conviction proceedings." *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 (Mo.banc 1993). The exceptions to this rule are narrow and do not appear to apply to Brown's circumstances. See *Amrine v. Roper,* 102 S.W.3d 541, 546 (Mo. banc 2003) (holding procedurally defaulted claims cannot be raised in a habeas corpus petition unless the claim relates to a jurisdictional issue, or the petitioner demonstrates a manifest injustice (typically evidence of actual innocence) sufficient to establish a gateway permitting review of a barred claim, or the petitioner establishes the gateway of cause and prejudice).

Before JAMES EDWARD WELSH, C.J., VICTOR C. HOWARD, and MARK D. PFEIFFER, JJ.

## ORDER

PER CURIAM:

Marvin D. Love appeals the circuit court's judgment denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. We affirm. Rule 84.16(b).

Robert L. SHAW, Appellant,

v.

MEGA INDUSTRIES, CORP., Respondents.

No. WD 75501.

Missouri Court of Appeals, Western District.

July 30, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 27, 2013.

